United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DELIA S. PALCE,

    Plaintiff,

    v.

JP MORGAN CHASE BANK, et al.,

    Defendants.

_____/

No. C 11-2932 PJH

**ORDER GRANTING MOTION TO DISMISS; GRANTING MOTION TO EXPUNGE; DENYING MOTION TO STRIKE**

Defendants' motion to dismiss, motion to strike, and motion to expunge lis pendens came on for hearing on January 11, 2012 before this court. Plaintiff Delia S. Palce ("plaintiff") failed to appear at the hearing. Defendants JP Morgan Chase Bank, N.A. ("Chase") and California Reconveyance Company ("California Reconveyance")(collectively "defendants"), appeared through their counsel, Berrie Goldman. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS defendants' motion to dismiss and motion to expunge lis pendens, and DENIES the motion to strike as moot, for the reasons stated at the hearing, and summarized as follows:

    1.    Plaintiff's claims asserted against defendant Chase are DISMISSED. Plaintiff alleges that she entered into the underlying loan with defendant on October 3, 2007 and that defendant was formerly known as Washington Mutual Bank. See FAC, ¶ 8. In fact, it was not until September 25, 2008, the same day that the Office of Thrift Supervision closed Washington Mutual Bank and appointed the FDIC as receiver for the bank, that Chase entered into a Purchase and Assumption agreement with the FDIC, pursuant to which Chase acquired many of Washington Mutual's assets. The Purchase and Assumption agreement, however, expressly provides that the FDIC retains liability for borrower claims

relating to any Washington Mutual lending or loan purchase activities that predate September 25, 2008.  See Request for Judicial Notice ("RJN"), Ex. E at § 2.5.  Since all of plaintiff's claims are fundamentally premised upon allegations stemming from the October 3, 2007 loan originally executed between plaintiff and Washington Mutual, the FDIC is the real party in interest with respect to plaintiff's claims, and Chase cannot be deemed to have assumed any liability related to any of them.  See, e.g., Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 960 (N.D. Cal. 2010)(acknowledging that, under Purchase and Assumption agreement, Chase "did not assume the potential liabilities of [WaMu] associated with claims of borrowers"); see also Yeomalakis v. F.D.I.C., 562 F.3d 56 (1st Cir. 2009)(finding denial of motion to substitute Chase Bank as party appropriate, since FDIC was appropriate party pursuant to Purchase and Assumption agreement)("When Washington Mutual failed, Chase Bank acquired many assets but its agreement with the FDIC retains for the FDIC "any liability associated with borrower claims for payment of or any liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower.").

Since plaintiff cannot cure the foregoing deficiency by amendment, plaintiff's claims against Chase are dismissed with prejudice.

2. With respect to the remaining defendant California Reconveyance, defendants correctly note that plaintiff's complaint alleges no specific unlawful conduct purportedly undertaken by California Reconveyance.  At most, the FAC alleges that California Reconveyance "does not have authority to act as trustee" and furthermore, that it is not in possession of the original Note and had no ability to transfer the Note or foreclose upon plaintiff's property.  See FAC, ¶ 10; see also id., ¶¶ 27-29.  However, to the extent that California Reconveyance is alleged to be the designated trustee with respect to the underlying loan, California Reconveyance could have played no role with respect to any act occurring at the time of loan origination, or occurring in connection with the issuance or servicing of plaintiff's loan.  Nor does plaintiff allege as much.  As such, since plaintiff's

substantive legal claims relate only to acts occurring at the time of loan origination or in connection with loan servicing, they fail to state viable claims against California Reconveyance.

To the extent, moreover, that plaintiff otherwise seeks to hold California Reconveyance accountable for wrongfully foreclosing upon plaintiff's property due to failure to possess the "original note," not only is there no claim for wrongful foreclosure stated, but as defendants correctly note, a trustee need not possess the original note in order to initiate foreclosure pursuant to a Deed of Trust. See, e.g., Gamboa v. Trustee Corps., 2009 WL 656285 at *4 (N.D. Cal., March 12, 2009); see also Putkkuri v. ReconTrust Co., 2009 WL 32567 at *2 (S.D. Cal., Jan. 5, 2009)(under Civil Code § 2924(a), trustee has right to initiate foreclosure process, and production of original note is not required).

Finally, while the court need to go into detail with respect to the specifics of each claim asserted against California Reconveyance in light of the foregoing universal deficiencies, the court nonetheless notes that even it if did, it would find the individual claims inadequately pleaded.

Having failed to properly allege any actionable conduct by California Reconveyance in connection with loan origination or servicing, or in connection with the foreclosure of plaintiff's property, plaintiff's claims as to California Reconveyance are hereby DISMISSED. Since this is plaintiff's second opportunity to amend her complaint (having previously had her complaint dismissed and been given leave to amend) and she has still failed to cure the deficiencies noted therein, and moreover since any amendment is likely to be futile, the instant dismissal is with prejudice.

3.   To the extent plaintiff seeks to add additional claims against defendants under the Truth in Lending Act and the Real Estate Settlement Procedures Act by way of her opposition brief, the court notes that such claims are not properly before it, since plaintiff has failed to allege them in her amended complaint, nor has she sought leave to amend the complaint in order to do so. Moreover, even if these claims were properly before the court,

they would suffer the same deficiencies already noted above in connection with plaintiff's already existing claims.

    4.    In view of the foregoing, defendants' motion to strike plaintiff's references to the lending industry, and plaintiff's requests for punitive and injunctive relief and for attorney's fees, is DENIED as moot.

    5.    Defendants' corresponding motion to expunge the recorded lis pendens filed by plaintiff in state court is GRANTED.  Defendants may seek whatever relief they are entitled to, by virtue of the court's order, in the appropriate state court forum.

**IT IS SO ORDERED.**

Dated: January 11, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge