UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DELIA S. PALCE,

        Plaintiff(s),

    v.

JP MORGAN CHASE BANK, et al.,

        Defendant(s).

_____/

No. C 11-2932 PJH

**ORDER DENYING MOTION FOR RECONSIDERATION**

        Before the court is plaintiff's motion for reconsideration filed pursuant to Fed. R. Civ. P. 60(b)(1) and (6) on April 20, 2012. The original complaint in this matter was first dismissed by Judge Fogel on August 16, 2011. The dismissal was with leave to amend although the order of dismissal noted that plaintiff had failed to file any timely opposition to the motion to dismiss. Plaintiff filed a first amended complaint ("FAC") on September 13, 2011, and the case was reassigned to the undersigned judge on September 27, 2011. Defendants moved to dismiss and/or to strike the FAC and to expunge the lis pendens on September 30, 2011, and noticed all motions for hearing on January 11, 2012. Plaintiff's oppositions were due according to the court's local rules, on October 14, 2011. Plaintiff again failed to meet the deadline. Plaintiff did, however, file an opposition to all motions on October 28, 2012. Plaintiff did not appear for the hearing on January 11, 2012. The court heard argument at the hearing, considered all the briefs, including plaintiff's late-filed briefs and granted the motion to dismiss and motion to expunge, and denied the motion to strike.

        The current motion is based upon plaintiff's presumption that the motion to dismiss was granted based on her[1] failure to file her opposition briefs on time and on her

---

[1] While plaintiff's name appears to be female, the motion for reconsideration refers to plaintiff as both a "he" and a "she" and given plaintiff's failure to attend the hearing, the court has not met plaintiff.

failure to attend the hearing.  She argues against the imposition of dismissal as a sanction for these two failures.  However, plaintiff is mistaken.  The court read and considered plaintiff's three untimely opposition briefs notwithstanding that she had previously missed the filing deadline as noted in Judge Fogel's August 16, 2011 order.  Moreover, a party is not required, though it is advisable, to appear at a hearing on a motion to dismiss.  The court fully considered the merits of defendants' motion and did not dismiss the FAC as a sanction, but rather dismissed it on the merits.  Leave to amend to file a third amended complaint was not granted given that plaintiff had already been afforded an opportunity to amend and in the court's finding that amendment would be futile.

As plaintiff's motion for reconsideration does not address the merits of her case or raise any ground for reconsideration cognizable under Rule 60(b), it is DENIED.

**IT IS SO ORDERED**.

Dated: April 24, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge